

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DION CLARK, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-936-A |
| | § | (NO. 4:17-CR-115-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Dion Clark, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:17-CR-115-A, and applicable authorities, finds that the motion should be granted in part.

I.

Background

The record in the underlying criminal case reflects the following:

On July 19, 2017, movant was named in a two-count indictment charging him in count one with conspiracy to commit interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), ("Hobbs Act robbery"), and in count two with using,

carrying, and brandishing a firearm during and in relation to a crime of violence, namely conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). CR Doc.[1] 12. Movant initially pleaded not guilty. CR Doc. 16. On August 11, 2017, he appeared before the court with his counsel to enter a plea of guilty to the offenses charged. CR Doc. 19. He and his counsel signed a factual resume setting forth the penalties movant faced as to each count, the elements of each offense, and the stipulated facts establishing that movant had committed each offense charged. CR Doc. 20. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated

---

[1] The "CR Doc.___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-115-A.

2

facts were true. The court found that the plea was knowing and voluntary and was supported by an independent basis in fact. CR Doc. 61.

The probation officer prepared the PSR, which reflected that movant's base offense level as to count one was 20. CR Doc. 24, ¶ 28. He received a two-level adjustment for physical restraint of the victims, id. ¶ 29, and a one-level adjustment because a controlled substance was taken. Id. ¶ 30. The guideline for the offense charged in count two required a sentence of not less than 7 years. Id. ¶ 38. Based on a total offense level of 25 and a criminal history category of IV, the guideline imprisonment range as to count one was 84 to 105 months. Id. ¶ 99. The term of imprisonment as to count two was required to be imposed consecutive to count one. Id. ¶ 98. The PSR also discussed factors that might warrant a departure, id. ¶ 114, and factors that might warrant a sentence outside the advisory guideline system. Id. ¶ 115. The probation officer prepared an addendum to the PSR to include additional information. CR Doc. 26. Following objections made by movant, the probation officer prepared a second addendum to the PSR. CR Doc. 34.

The court sentenced movant to a term of imprisonment of 150 months as to count one and a term of imprisonment of 150 months

as to count two, to run consecutively. CR Doc. 41. Movant appealed. CR Doc. 45. While the appeal was pending, the United States Supreme Court issued its opinion in United States v. Davis, 139 S. Ct. 2319 (2019), which held that the residual clause of § 924(c) was unconstitutionally vague. Movant filed a supplemental letter brief contending that he had made a Davis argument in his initial brief. The appellate court disagreed. Clark, 818 F. App'x at 328-29. His sentence was affirmed. Id. at 331. He did not pursue a petition for writ of certiorari.

II.

Grounds of the Motion

Movant sets out nine grounds in support of his motion. Doc.[2] 24. In his first and eighth grounds, he contends that his conviction as to count one of the indictment cannot stand in light of Davis. Id. at PageID[3] 232, 248-49. In grounds two, four, seven, and nine, movant alleges that he received ineffective assistance of counsel on appeal. Id. at PageID 233, 236, 246-48, 249. In his third ground, movant says his counsel incorrectly warned him that he would be subject to a mandatory life sentence if he did not plead guilty. Id. at PageID 235. In his fifth

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten numbers on the form used by movant are not the actual page numbers and because movant has attached additional pages to the form.

4

ground, movant says that his counsel was ineffective in failing to investigate and learn that the gun used in the robbery was an air pistol. Id. at PageID 243-44. In his sixth ground, movant claims counsel was ineffective for failing to object to the use of his proffer statements at sentencing. Id. at PageID 245-46.

III.

Applicable Legal Standards

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua,

5

656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112

6

(2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his third ground, movant argues that counsel advised him he would receive a mandatory life sentence if he did not plead guilty. Doc. 24 at PageID 235. Movant testified under oath, however, that no one had made any promise or assurance or threat of any kind to induce him to plead guilty, CR Doc. 61 at 21, and that he had read and understood and discussed with counsel the factual resume before signing it. Id. at 15. The factual resume set forth the penalties movant faced, in particular, a term of imprisonment of 20 years as to count one and a term of

7

imprisonment of at least 84 months and as much as life as to count two. CR. Doc. 20. In addition, the court reviewed the penalties at the rearraignment hearing and movant again testified under oath that he understood the penalties he faced. CR Doc. 61 at 18-20. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Likewise movant's factual resume. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1091 (5th Cir. 1985).

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Movant does not question the voluntariness of his plea and he had no basis for doing so. Thus, his third ground is waived.

In his fifth ground, movant alleges that his counsel was ineffective for failing to investigate and learn that the gun used in the robbery was not a real gun. Doc. 24 at PageID 243-44. As stated, a valid guilty plea waives all nonjurisdictional

8

defects in the proceedings. Smith v. Estelle, 711 F.2d at 682. This includes claims of ineffective assistance of counsel like the one urged in the fifth ground. United States v. Glinsey, 209 F.3d 386, 392-93 (5th Cir. 2000); Smith v. Estelle, 711 F.2d at 682. In any event, movant admitted that he was guilty of the offense charged in count two. This claim is specious.

Grounds one and eight appear to make the same allegation, that is, in light of Davis, movant's count two conviction based on conspiracy to commit Hobbs Act robbery can no longer stand. Doc. 24 at PageID 232, 248-49. The government agrees. Doc. 40 at 16. See United States v. Jones, 935 F.3d 266, 271 (5th Cir. 2019). The proper remedy is to vacate movant's conviction on count two and to vacate the entire sentence. See Davis, 139 S. Ct. at 2336; Pepper v. United States, 562 U.S. 476, 507 (2011); United States v. McRae, 795 F.3d 471, 483 (5th Cir. 2015).

In light of the need to vacate movant's conviction on count two and to resentence him, the remaining grounds of the motion are moot.

V.

Order

The court ORDERS that movant's motion be, and is hereby, granted in part, and his conviction as to count two of the indictment be, and is hereby, set aside and vacated. The court

further ORDERS that movant's sentence as to counts one and two be, and is hereby, set aside and vacated so that movant may be resentenced taking into account all of the factors the court must consider at sentencing.

The court further ORDERS that movant's motion be, and is hereby, otherwise denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 24, 2021.

JOHN MCBRYDE
United States District Judge